(No. 39441.—

FRANK McCORD, Appellant, *vs.* THE INDUSTRIAL COMMIS-
SION *et al.*—(SUPERIOR OIL COMPANY, Appellee.)

*Opinion filed January 25, 1966.*

KERN AND PEARCE, of Carmi, for appellant.

FRANKLIN, GARRISON & BLEYER, of Marion, (GORDON
FRANKLIN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

Appellant, Frank McCord, suffered a back injury on
September 25, 1954, while performing his assigned duties
as an employee of appellee, Superior Oil Company. Appel-
lant filed a claim for compensation under the Workmen's
Compensation Act, but the claim was dismissed as not
having been timely filed. On appeal, the circuit court of
White County reversed and remanded the cause to the
Industrial Commission. After a second hearing, the Com-
mission denied compensation on the ground that no perma-
nent injury was shown. This decision was reversed again
by the circuit court and remanded to the Commission. At
the conclusion of another hearing, the Commission made

an award for fifteen weeks of temporary total disability. Appellant again filed a writ of *certiorari* to the circuit court contending that the award was insufficient. Appellee's motion to quash the writ was allowed, and appellant appeals from that order.

The controversy in this case concerns the extent of the injury suffered by appellant on September 25, 1954. It is undisputed that subsequent to the accident, appellant did not work until he was released for light work by a doctor on January 17, 1955. Thereafter, appellant left the employ of appellee and proceeded to hold a succession of jobs, none of which paid as much as his prior job with appellee. It is also undisputed that in 1949 appellant suffered a back injury while working for the Kroger Company and that appellant received an award for permanent disability under the Workmen's Compensation Act for that injury.

Medical testimony as to the extent and cause of appellant's back injury is conflicting, and we do not deem it necessary to recite in detail the testimony of each of the doctors. It is sufficient to note that the testimony of doctors who testified for appellant suggests that the 1954 accident could have caused the disability which appellant seeks compensation for. However, other medical testimony indicates that appellant's condition existed prior to the 1954 incident. There was also medical testimony that appellant suffered only from poor posture and arthritis, neither of which were caused by an injury.

After carefully considering all of the evidence, we do not think that the award of fifteen weeks temporary total disability was against the manifest weight of the evidence. However, it appears that there were certain unpaid medical expenses reasonably incurred by appellant during the period of his incapacity. No provision for payment of these expenses was made by the Commission, and we are of the opinion that an award for such expenses should have been made pursuant to section 8(a) of the Workmen's Compen-

102

sation Act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.8(a).) As to the award for medical expenses, the judgment must therefore be reversed and the cause remanded for proceedings consistent with this opinion.

*Affirmed in part and reversed in part and remanded.*